Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
       chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Adrienne Outland**,<br><br>    Plaintiff,<br><br>v.<br><br>**Arizona Movers and Storage, Inc.**, an Arizona Corporation, **Hashem Abouzeid and Jane Doe Abouzeid**, a married couple, and **Hossam Eldin and Jane Doe Eldin**,<br><br>    Defendants. | No. _____<br><br>**COMPLAINT** |

Plaintiff, Adrienne Outland ("Plaintiff") alleges as follows:

**PRELIMINARY STATEMENT**

1.  Plaintiff brings this action against Defendants Arizona Movers and Storage, Inc., Hashem Abouzeid and Jane Doe Abouzeid, Hossam Eldin and Jane Doe Eldin, a married couple, (collectively "Defendants"), for their unlawful failure to pay proper overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and for their unlawful failure to pay minimum wages in violation of Arizona

Revised Statutes ("A.R.S.") 23-363, and failure to pay wages in violation of A.R.S. § 23-355.

2. This is an action for unpaid wages, liquidated damages, interest, attorneys' fees, and costs under the FLSA, and Arizona wage law.

3. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Under the FLSA, employers must pay all non-exempt employees one and one-half times their regular rates of pay for all time spent working in excess of 40 hours in a given workweek.

4. A.R.S. § 23-363 sets the minimum wage for the state of Arizona, and recognizes that employers must pay their employees at least the statutory minimum wage

5. A.R.S. § 23-355 sets the wage payment standards for the state of Arizona and recognizes that employers must pay their employees all wages earned.

6. Defendants misclassified Plaintiff as an independent contractor rather than as an employee. Therefore, Defendants did not pay Plaintiff the applicable overtime rate, in violation of 29 U.S.C. § 207; the applicable minimum wage, in violation of A.R.S. § 23-363; or all applicable wages, in violation of A.R.S. § 23-355.

**JURISDICTION AND VENUE**

7. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 201, *et seq.*, and 28 U.S.C. § 1367 because this action arises under the Constitution and laws of the United States and Arizona law.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the conduct alleged in the Complaint – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

10. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

11. At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

12. At all material times, Plaintiff was a full-time, non-exempt employee of Defendants from approximately June 1, 2016 through approximately July 31, 2017.

13. Throughout Plaintiff's entire employment, she was paid $9.00 per hour.

14. At all material times, Plaintiff was employed by Defendants as a receptionist but classified and paid as an independent contractor.  Defendants employed Plaintiff to perform various non-exempt duties, including answering phones, setting appointments, checking drivers in and out for the day, assisting in the storage of items, and occasionally assisting drivers preparing for the following day's deliveries.

15. At all material times, Plaintiff was an employee of Defendants as defined by the FLSA, 29 U.S.C. § 203(e)(1) and was a non-exempt employee under 29 U.S.C. § 213(a)(1).

16. Defendant Arizona Movers and Storage is an Arizona corporation, authorized to do business in the State of Arizona and was at all relevant times Plaintiff's Employer as defined by 29 U.S.C. § 203(d).

17. At all relevant times throughout Plaintiff's employment, Arizona Movers and Storage Inc. had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Arizona Movers and Storage, Inc. As a person who acted in the interest of Arizona Movers and Storage, Inc. in relation to the company's employees, Arizona Movers and Storage Inc. is subject to liability under the FLSA.

18. Defendants Hashem Abouzeid and Jane Doe Abouzeid are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint. Hashem Abouzeid is an owner of Arizona Movers and Storage Inc. and was at all relevant times Plaintiff's employer as defined by the FLSA, 29 U.S.C. § 203(d).

19. Under the FLSA, Defendant Hashem Abouzeid is Plaintiff's employer. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Hashem Abouzeid is an owner of Arizona Movers and Storage, Inc.

20. At all relevant times throughout Plaintiff's employment, Hashem Abouzeid had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and

-4-

maintained employment records in connection with Plaintiff's employment with Arizona Movers and Storage, Inc. As a person who acted in the interest of Arizona Movers and Storage, Inc. in relation to the company's employees, Hashem Abouzeid is subject to individual liability under the FLSA.

21. Defendants Hossam Eldin and Jane Doe Eldin are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint. Hossam Eldin is an owner of Arizona Movers and Storage Inc. and was at all relevant times Plaintiff's employer as defined by the FLSA, 29 U.S.C. § 203(d).

22. Under the FLSA, Defendant Hossam Eldin is Plaintiff's employer. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Hossam Eldin is an owner of Arizona Movers and Storage, Inc.

23. At all relevant times throughout Plaintiff's employment, Hossam Eldin had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Arizona Movers and Storage, Inc. As a person who acted in the interest of Arizona Movers and Storage, Inc. in relation to the company's employees, Hossam Eldin is subject to individual liability under the FLSA.

-5-

24. Plaintiff is further informed, believe, and therefore alleges that each of the Defendants gave consent to, ratified, and authorized the acts of all other Defendants, as alleged in this Complaint.

25. At all relevant times, Defendants conducted business in Maricopa County, Arizona.

26. Defendants, and each of them, are sued in both their individual and corporate capacities.

27. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

28. At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq*.

29. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

30. At all relevant times, Defendants were and continue to be "employers" as defined by FLSA, 29 U.S.C. § 201, *et seq*.

31. At all relevant times, Plaintiff was an "employee" of Defendants as defined by A.R.S. §§ 23-350 and 23-362.

32. The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants.

33. At all relevant times, Defendants were and continue to be "employers" as defined by A.R.S. §§ 23-350 and 23-362.

34. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

35. At all relevant times, Plaintiff, in her work for Defendants, was engaged in commerce or the production of goods for commerce.

36. At all relevant times, Plaintiff, in her work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

## FACTUAL ALLEGATIONS

37. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

38. Defendants own and/or operate as Arizona Movers and Storage, Inc., an enterprise located in Maricopa County, Arizona.

39. Arizona Movers and Storage, Inc. is an enterprise that is a moving and storage company.

40. On approximately June 1, 2016, Plaintiff began employment with Defendants as a receptionist, performing various repetitive, non-exempt tasks such as answering phones, setting appointments, checking drivers in and out for the day, assisting in the storage of items, and occasionally assisting drivers preparing for the following day's deliveries.

41. Rather than classify Plaintiff as an employee, Defendants classified her as an independent contractor.

42. Despite Defendants having misclassified her as an independent contractor, Plaintiff was actually an employee, as defined by the FLSA, 29 U.S.C. § 201 et seq.

43. At all relevant times, Defendants controlled Plaintiff's schedule.

44. At all relevant times, Plaintiff was economically dependent on Defendants.

45. The following further demonstrate that Plaintiff was an employee:

    a. Defendants had the exclusive right to hire and fire Plaintiff;

    b. Defendants made the decision not to pay Plaintiff minimum wage or overtime;

    c. Defendants supervised Plaintiff and subjected her to Defendants' rules;

    d. Plaintiff had no financial investment with Defendants' business;

    e. Plaintiffs had no opportunity for profit or loss in the business;

    f. The services rendered by Plaintiff in her work for Defendants was integral to Defendants' business;

    g. Defendants hired Plaintiff as a permanent full-time employee, ending the employment relationship after Plaintiff went back to school and was only available to work on weekends.

46. At all relevant times, Defendants did not pay Plaintiff one and one-half times her regular rate of pay for time spent working in excess of 40 hours in a given workweek.

47. Defendants classified Plaintiff as an independent contractor to avoid Defendants' obligation to pay Plaintiff one and one-half times her regular rate of pay for all hours worked in excess of 40 hours per week.

48. Plaintiff was a non-exempt employee.

-8-

49. From the beginning of Plaintiff's employment through the present day, Defendants failed to properly compensate Plaintiff for any of her overtime hours. During this time, Plaintiff worked approximately ten (10) to twenty (20) hours per week.

50. Defendants paid Plaintiff on an hourly basis at a rate of $9.00 per hour.

51. Plaintiff was not a manager. Plaintiff did not have supervisory authority over any employees, did not possess the authority to hire or fire employees, did not possess authority to make critical job decisions with respect to any of Defendants' employees, did not direct the work of two or more employees, and did not exercise discretion and independent judgment with respect to matters of significance.

52. Plaintiff's primary duty was not the management of the enterprise in which she was employed or any recognized department of the enterprise.

53. From the beginning of Plaintiff's employment through the present day, Defendants failed to properly compensate her for any of her overtime hours.

54. Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff over the course of her employment would violate federal and state law, and Defendants were aware of the FLSA overtime wage requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

55. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of her rights under the FLSA.

56. Therefore, in a given workweek, and during each and every workweek of Plaintiff's employment with Defendants, Plaintiff was subject to Defendants' policy and practice of not paying one and one-half times Plaintiff's regular rate of pay.

57. In a given workweek, and during each and every workweek of Plaintiff's employment with Defendants, Plaintiff worked more than 40 hours but was not paid the applicable one and one-half times Plaintiff's regular rate of pay for time she spent working in excess of 40 hours.

58. Throughout the duration of her employment with Defendants, Plaintiff was paid on an hourly basis at a rate of $9.00 per hour.

59. From January 1, 2017 through the end of her employment, the Arizona minimum wage was $10.00 per hour.

60. As a result, Defendants violated A.R.S. § 23-363.

61. As a result of Defendants failure to properly compensate Plaintiff minimum wage for all hours worked and one and one-half Plaintiff's regular rate of pay for all hours worked in excess of 40 hours in a given workweek, Defendants failed to pay Plaintiff wages in violation of A.R.S. § 23-355.

62. Plaintiffs and the Collective Members are covered employees within the meaning of the Fair Labor Standards Act ("FLSA").

63. Defendants refused and/or failed to properly disclose to or apprise Plaintiffs and the Collective Members of their rights under the FLSA.

64. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

65. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid overtime wages, an additional equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

66. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum wages, an additional amount equal to twice the amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action A.R.S. 23-364(G).

67. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants an amount that is treble the amount of unpaid wages and interest under A.R.S. §23-355.

### COUNT ONE: FAIR LABOR STANDARDS ACT
### FAILURE TO PAY OVERTIME

68. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

69. At all relevant times, Defendants classified Plaintiff as an independent contractor when she was in reality an employee as defined by the FLSA.

70. At all relevant times, Defendants did not pay Plaintiff one and one-half times her regular rate of pay for time spent working in excess of 40 hours in a given workweek.

71. Defendants classified Plaintiff as an independent contractor to avoid Defendants' obligation to pay Plaintiff one and one-half times her regular rate of pay for all hours worked in excess of 40 hours per week.

72. Defendants engaged in such conduct in direct violation of 29 U.S.C. § 207(a).

73. As such, unpaid overtime wages for such time Plaintiff worked in excess of 40 hours per given workweek is owed to Plaintiff for the entire time she was employed by Defendants.

74. Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff over the course of her employment would violate federal and state law, and Defendants were aware of the FLSA overtime wage requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

75. Plaintiff is therefore entitled to compensation for their unpaid overtime wages at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

WHEREFORE, Plaintiff, Adrienne Outland, requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants committed one or more of the following acts:

  i. violated overtime provisions of the FLSA, 29 U.S.C. § 207, by failing to pay proper overtime wages;

      ii.    willfully violated overtime provisions of the FLSA, 29 U.S.C. § 207;

B. For the Court to award damages in the amounts of all unpaid overtime compensation due and owing to Plaintiff for time she spent working in excess of 40 hours per given workweek;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), in amounts to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest on any damages awarded;

E. For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth in this Complaint; and

F. Such other relief as this Court deems just and proper.

### COUNT TWO: ARIZONA MINIMUM WAGE ACT
### FAILURE TO PAY MINIMUM WAGE

76. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

77. At all relevant times, Defendants classified Plaintiff as an independent contractor when she was in reality an employee as defined by Arizona law.

78. At all relevant times, Defendants paid Plaintiff $9.00 per hour.

79. As a result, Defendants did not compensate Plaintiff at least the full, applicable minimum wage according to Arizona law.

80. Defendants engaged in such conduct in direct violation of A.R.S. § 23-363.

81. As such, unpaid minimum wages for such time Plaintiff worked are owed to Plaintiff for the entire time she was employed by Defendants.

82. Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff over the course of her employment would violate federal and state law, and Defendants were aware of the Arizona minimum wage requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the Arizona Minimum Wage Act.

83. Plaintiff is therefore entitled to compensation for her unpaid minimum wages at an hourly rate, to be proven at trial, plus an additional amount equal to twice the unpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

WHEREFORE, Plaintiff, Adrienne Outland, requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants committed one or more of the following acts:

   iii. violated minimum wage provisions of A.R.S. § 23-363, by failing to pay proper minimum wages;

   iv. willfully violated minimum wage provisions of A.R.S. § 23-363, by failing to pay proper minimum wages;

B. For the Court to award damages in the amounts of all unpaid minimum wage compensation due and owing to Plaintiff for time she spent working at an hourly rate of $9.00;

C. For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, in amounts to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest on any damages awarded;

E. For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth in this Complaint; and

F. Such other relief as this Court deems just and proper.

**COUNT THREE: ARIZONA WAGE ACT**
**FAILURE TO PAY WAGES**

84. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

85. At all relevant times, Defendants classified Plaintiff as an independent contractor when she was in reality an employee as defined by Arizona law.

86. At all relevant times, Defendants paid Plaintiff $9.00 per hour.

87. As a result of the allegations contained herein, Defendants did not compensate Plaintiff wages due and owing to her.

88. Defendants engaged in such conduct in direct violation of A.R.S. § 23-350.

89. As such, unpaid wages for such time Plaintiff worked are owed to Plaintiff for the entire time she was employed by Defendants.

90. Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff over the course of her employment would violate federal and state law, and Defendants were aware of the Arizona minimum wage requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the Arizona Wage Act.

91. Plaintiff is therefore entitled to compensation for her unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of her unpaid wages, plus interest thereon, and her costs incurred.

WHEREFORE, Plaintiff, Adrienne Outland, requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants violated the unpaid wage provisions of A.R.S. § 23-350, et seq., by failing to pay wages due and owing to Plaintiff;

B. For the Court to award an amount that is treble Plaintiff's unpaid wages pursuant to A.R.S. § 23-355, in amounts to be determined at trial;

C. For the Court to award prejudgment and post-judgment interest on any damages awarded;

D. For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action and all other causes of action set forth in this Complaint; and

E. Such other relief as this Court deems just and proper.

-16-

**JURY DEMAND**

Plaintiff hereby demands a jury on all issues so triable.

RESPECTFULLY SUBMITTED this 2nd day of May, 2018.

                                          THE BENDAU LAW FIRM, PLLC

                                          By: /s/ *Clifford P. Bendau, II*
                                          Clifford P. Bendau, II