**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (AZ Bar No. 030204)
Christopher J. Bendau (AZ Bar No. 032981)
P.O. Box 97066
Phoenix, AZ 85060
Tel: 480.382.5176
Fax: 480.304.3805
cliffordbendau@bendaulaw.com
chris@bendaulaw.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Adrienne Outland**, <br> Plaintiff, <br> vs. <br> **Arizona Movers and Storage, Inc.**, et al. <br> Defendants. | No. 2:18-cv-01370-RCC <br><br> **PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES** |

In accordance with Local Rule LRCiv 54.2(b)(2), Plaintiff Adrienne Outland, individually, by and through undersigned counsel, files her Memorandum of Points and Authorities in support of her Motion for Award of Attorneys' Fees. As set forth below, attorneys' fees are warranted, and in fact required, because Plaintiff is the prevailing party with respect to her claims under the Fair Labor Standards Act ("FLSA"), Arizona minimum wage law, and Arizona unpaid wages law. This Memorandum is further supported by the attached exhibits as required by LRCiv 54.2(d)(1), (2), (3), and (4).

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

This motion is before the Court for one reason: the purposeful and patterned avoidance of responsibility for clear FLSA overtime and Arizona minimum wage liability by Defendant Hashem Abouzeid–both individually and as the principal and owner of Defendant Arizona Movers and Storage, Inc.  Since the inception of this otherwise simple FLSA overtime dispute, Plaintiff Adrienne Outland and her counsel have provided ample opportunity for Mr. Abouzeid to settle this case without the need to incur unnecessary or excessive attorneys' fees and costs.  However, Mr. Abouzeid has consistently evaded every reasonable opportunity to do so.

This case arose when Ms. Outland approached The Bendau Law Firm PLLC after having suspected that she had been misclassified as a 1099 independent contractor and denied overtime and minimum wage otherwise required by law.  Ms. Outland had worked for the Defendants for approximately 13 months as a receptionist.  She was hired to perform unskilled clerical duties for nine dollars per hour[1] and classified as a 1099 independent contractor.  She generally worked more than 40 hours per week, but she did not receive an overtime premium for such time.  Ms. Outland did not receive the applicable minimum wage or overtime for time worked in excess of 40 hours per week because her employer misclassified her as a 1099 independent contractor.

---

[1]     The Arizona Minimum Wage for the time that Ashley worked for the Defendants was $10 per hour.  *See* Arizona Revised Statutes ("A.R.S.") § 23-363.

On May 2, 2018, Plaintiff's counsel filed suit against Defendants claiming unpaid wages, liquidated damages, attorneys' fees, and costs. The Complaint alleged that the Defendants[2] violated the FLSA by not paying applicable minimum wage and overtime wages for the time Plaintiff spent working for Defendants in a given workweek. Specifically, Plaintiff alleged that Defendants paid $9.00 per hour for all hours she worked, rather than the $10.00 per hour minimum wage required in 2017 and FLSA-mandated one and one-half times her regular rates of pay for all hours worked in excess of 40 hours in a given workweek. *See* Doc. 1.

Plaintiff timely served all Defendants. (Docs. 7, 8, 19, 22). Instead of filing a response, Defendants Arizona Movers and Storage Inc. and Hashem Abouzeid remained conspicuously silent. They refused to respond to the allegations in the Complaint, despite having hired counsel, Kelly Jo, to represent them. As a result, Plaintiff's counsel was forced to prepare applications for entry of default and a motion for default judgment against them. *See* Docs. 25, 32.

On February 28, the Court granted Plaintiff's Motion for Default Judgment (Doc. 37) and entered Judgment in favor of Plaintiff (Doc. 38) on March 1, 2019. Plaintiff now files her motion for attorneys' fees and costs against Defendants

**II.    ELIGIBILITY/ENTITLEMENT**

By virtue of the Default Judgment in this matter (Doc. 38), Plaintiff is the

---

[2]   "Defendants" refers to Defendant Arizona Movers and Storage, Inc. and Defendant Hashem Abouzeid against whom a default judgment in favor of Plaintiff has been entered. *See* Doc. 38. Unless specifically referred to herein, Defendant Hassan Hossam is not included within the scope of the term "Defendants" for purposes of this motion.

prevailing party in this action and is therefore entitled to an award of attorneys' fees and costs. "A typical formulation is that plaintiffs may be considered prevailing parties for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

The District of Arizona has recognized that, where the filing of an action causes a defendant to pay unpaid wages to an FLSA plaintiff–even without a judgment–, that plaintiff becomes the prevailing party and entitled to fees. *Orozco v. Borenstein*, 2013 WL 4543836, at *2 (D. Ariz., August 18, 2013).

Therefore, by virtue of obtaining a default judgment against Defendants, Ms. Outland is a prevailing party against them.

### III.     REASONABLENESS OF THE AWARD

Bendau & Bendau PLLC agreed to represent Plaintiff and on a contingency basis and has not received any payment for accrued attorneys' fees. See Representation Agreement, attached as "**Exhibit A.**" The Representation Agreement with Plaintiff provides that undersigned's hourly rate for employment litigation cases is $325 per hour. *See* Ex. A. Shortly after undertaking this representation, Attorney Clifford Bendau's rate increased to $395 per hour and Christopher Bendau's rate increased to $345 when the Northern District of Ohio determined that those respective hourly rates were reasonable in an Order approving an FLSA settlement in *Carr, et al. v. Bob Evans Farms, Inc., et al.*, Northern District of Ohio Case No. 1:17-cv-01875-JG, Docs. 77-1, 78 (N.D. Ohio, July 12, 2018 and July 27, 2018) (Motion requesting, and Order

approving, the aforementioned rates attached hereto as "**Exhibit B**"). Attached hereto as "**Exhibit C**" is Plaintiff's counsels' lodestar records for the time that Plaintiff's counsel spent litigating this case, multiplied by their respective hourly rates of $395 per hour and $345 per hour. *See Thompson v. Arizona Movers and Storage Incorporated*, 2018 WL 2416187, at *2 (D. Ariz. May 29, 2018) (finding $325 and $300 to be reasonable hourly rates for Clifford P. Bendau, II and Christopher J. Bendau, respectively). Exhibit C also includes a computation of, and documentation supporting, the out-of-pocket costs that Plaintiff's counsel has thus far incurred.

Using the Lodestar analysis, Plaintiff requests attorneys' fees in the amount of $14,580.50–$11,889.50 for 30.1 hours by attorney Clifford P. Bendau, II at the hourly rate of $395, and $2,691.00 for 7.8 hours by Christopher J. Bendau at the hourly rate of $345. Plaintiff also requests $679.50 in out-of-pocket costs, for a total of $15,260.00.

In determining an award of attorney fees in an FLSA action, "[t]here exists a strong presumption of the reasonableness of the lodestar amount." *Saizon v. Delta Concrete Products Co., Inc.*, 448 F.3d 795, 800 (5th Cir. 2006). Under the lodestar method, the Court determines a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *See Hensley v. Eckerhart*, 461 U.S. at 433.

To determine the reasonableness of the hourly rate and hours expended, the Court should consider the *Kerr* factors. *See Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975); *see also Cunningham v. Cnty. Of Los Angeles*, 879 F.2d 481, 487 (9th Cir. 1988). These factors are: "(1) the novelty and complexity of the issues, (2) the

special skill and experience of counsel, (3) the quality of representation, and (4) the results obtained." *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1262 n. 6 (9th Cir. 1987).

**A.    The novelty and difficulty of the questions involved**

Worker misclassification claims under the FLSA are particularly complex, factually-oriented, and high-risk.  This case was no exception.  However, Defendants did not respond to the Complaint and therefore Plaintiff's counsel was not forced to conduct discovery or significantly litigate the case.  Nonetheless, the Defendants' refusal to cooperate in the litigation of this matter has required Plaintiff's counsel to submit this motion.

**B.    The special skill and experience of counsel**

Plaintiff's counsels' particular set of skills warrants their requested rates of $345 per hour for Christopher J. Bendau and $395 per hour for Clifford P. Bendau, II.  Their experience, reputation, and ability, which are detailed in the accompanying declarations, support their requested hourly rates.  See Declaration of Clifford P. Bendau, attached as "**Exhibit D**";  See also Declaration of Christopher J. Bendau, attached as "**Exhibit E.**"

Clifford Bendau focuses exclusively on plaintiffs' state and federal employment wage and hour litigation, primarily under the FLSA.  *See* Ex D.  Since becoming licensed to practice law in 2012, he has litigated more than 130 lawsuits on employees' behalves in the Federal District Courts for the Districts of Arizona, Colorado, and Ohio, all of which he agreed to represent his clients on contingency bases.  *See id*.  He has also been lead plaintiffs' counsel on approximately 20 FLSA collective action matters in both the Districts of Arizona and Ohio.  *Id*.  He has also represented numerous plaintiffs on a

novel FLSA issue in the Ninth and Tenth Circuit Courts of Appeals, having obtained a reversal in the Tenth Circuit and a reversal *en banc* in the Ninth Circuit.  *See*.

Christopher Bendau also focuses exclusively on plaintiffs' state and federal employment wage and hour litigation, primarily under the FLSA.  *See* Ex. E.  Since becoming licensed to practice law in 2016, he has litigated more than 50 lawsuits on employees' behalves in the Federal District Courts for the Districts of Arizona and the Northern District of Ohio, all of which he agreed to represent his clients on contingency bases.  *See id*.  He has also been lead plaintiffs' counsel on more than 15 FLSA collective action matters in both the Districts of Arizona and Ohio.  *Id*.

The legal issues raised by this FLSA action were sophisticated and required extensive knowledge of the law.  The FLSA is a complex, difficult-to-navigate statute, requiring strong legal skills necessary to identify issues, research them, resolve them, and then lay them out persuasively for the court.  The FLSA requires counsel who understand its complexities and nuances.  For these reasons, Plaintiff very likely would not have obtained the Default Judgment without the assistance of Bendau & Bendau PLLC.

**C.   The quality of the representation**

This case involved drafting and filing a complaint, preparing applications for default, the preparation of a Joint Case Management Report, drafting and sending response to MIDP, and drafting and briefing this motion for award of attorneys' fees.  Ultimately, Plaintiff prevailed to by obtaining the Default Judgment against Defendants.

**D.   The results obtained**

Plaintiff's counsel obtained excellent results for Plaintiff.  The Motion for Default

Judgment requested 100 percent of Plaintiff's unpaid wages, plus an additional amount equal to twice the unpaid wages in liquidated damages. Doc. 37. Plaintiff's counsel has filed a motion to amend judgment to reflect that amount, which is currently pending. The excellent results obtained supports Plaintiffs' requested hourly rates.

## IV.   CONCLUSION

Accordingly, the Court should award Plaintiff her total attorneys' fees and costs as follows: $15,260.00.

RESPECTFULLY SUBMITTED on March 14, 2019.

**BENDAU & BENDAU PLLC**

By: /s/ Clifford P. Bendau, II
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on March 14, 2019, I electronically transmitted the foregoing document to the United States District Court, District of Arizona, Court Clerk, using the CM/ECF System. All counsel of record are registrants and are therefore served via this filing and transmittal.

/s/ Clifford P. Bendau, II