**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Adrienne Outland, | No. CV-18-01370-PHX-RCC |
| Plaintiff, | **ORDER** |
| v. | |
| Arizona Movers & Storage et al., | |
| Defendants. | |

Pending before the Court is Adrienne Outland's Motion to Amend Judgment (Doc. 40) and Motion for Award of Attorneys' Fees (Doc. 41.) The Court will grant the Motion to Amend the Court's default judgment and grant the Motion for Attorneys' Fees at a rate of $325.00 an hour.

### I. DEFAULT JUDGMENT

Pursuant to federal statute,

> Any employer who violates the provisions of [minimum wage law] and [overtime law] shall be liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. . . . The court in such action shall, in addition to any judgment awarded to the plaintiff . . . , allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

29 U.S.C. § 216(b). For overtime compensation, an employee who works in excess of forty hours in a workweek should receive "compensation . . . at a rate not less than one and one-half times the regular rate at which [s]he is employed." 29 U.S.C. § 207(a)(2)(C).

Here, Plaintiff worked for Defendants for thirteen months between June 2016 to July 2017, but was incorrectly classified as an independent contractor. (Doc. 1 at ¶ 49.) Due to the error, Plaintiff was not paid minimum wage or overtime for her work, which resulted in $7,110.00 in unpaid wages. (Doc. 40 at 2.) In addition, Plaintiff alleged she is owed an additional equal amount of $7,110.00 in liquidated damages. *Id*. Default judgment was entered against Defendants Arizona Movers & Storage and Hashem Abouzeid on March 1, 2019, but without a specific monetary amount to be awarded to Plaintiff. (Doc. 38.) The Court agrees with Plaintiff's calculations and will award her default judgment in the amount of $14,220.00 for unpaid overtime, minimum wage, and liquidated damages.

**II. ATTORNEY'S FEES**

Under the FLSA, a prevailing party may be afforded reasonable attorney's fees and costs. 29 U.S.C. § 216(b); *see also* 42 U.S.C. § 1988. To gage the reasonableness of an attorney's fees, the fee award is based on the "lodestar," which is "the number of hours reasonably expended on the litigation" multiplied by "a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Under LRCiv 54.2(c)(3), factors the court may consider when determining the reasonableness of the amount requested include: (a) time and labor required; (b) difficulty of the issues; (c) skill needed; (d) the customary fee in similar litigation; (e) whether fee is fixed or contingent; (f) the results obtained; (g) awards in similar actions; and (h) anything else deemed appropriate. Reasonable attorney rates are not simply what an attorney charged a client but are determined "by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 908 (9th Cir. 1995).

Plaintiff's attorneys were hired on a contingency basis with a Representation Agreement that included a flat rate of $325.00 per hour. (Ex. A, Doc. 41-1.) In addition, counsel concedes that this district recently determined that $325.00 per hour was a reasonable rate. (Doc. 41 at 5.) However, because Defendants Arizona Movers & Storage and Hashem Abouzeid have refused to defend this matter, the time, labor, and complexity of this case is minimal. In addition, while counsel contends that a higher rate per hour is

reasonable, this higher rate was decided in the Northern District of Ohio, and the Court must consider the reasonable rate according to the state in which the claim is being litigated. *See Davis v. Mason Cty.*, 927 F.2d 1473, 1488 (9th Cir. 1991). Counsel has sufficiently shown that $325.00 an hour is a reasonable rate for both attorneys in the state of Arizona. Counsel has documented 37.9 hours of work; at $325.00 an hour, the total amount equals $12,317.50. Adding counsels' out of pocket costs of $679.50 results in attorneys' fees in the amount of $12,997.00.

Accordingly, IT IS ORDERED:

1. Plaintiff's Motion to Amend [Default] Judgment is GRANTED. (Doc. 40.)
2. Judgment is entered in favor of Plaintiff Adrienne Outland and against Defendants Arizona Movers & Storage, Inc. and Hashem Abouzeid for unpaid wages in the amount of $7,110.00.
3. Judgment is entered in favor of Plaintiff and against Defendants Arizona Movers & Storage, Inc. and Hashem Abouzeid for liquidated damages in the amount of $7,110, pursuant to 29 U.S.C. § 216(b).
4. Plaintiff's Counsel's Motion for Attorneys' Fees is GRANTED IN PART. (Doc. 41.) Plaintiff's Counsel is awarded attorneys' fees in the amount of $12,997.00.
5. Defendants Arizona Movers & Storage, Inc. and Hashem Abouzeid are jointly and severally liable for payment of attorneys' fees and costs.
6. The Clerk of Court enter judgment accordingly.

Dated this 28th day of May, 2019.

_____
Honorable Raner C. Collins
Senior United States District Judge